UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY JAMES RAGER, | Case No.: 2:24-cv-00248-APG-EJY |
| Petitioner, | **Order Dismissing Action** |
| v. | |
| KEVIN McMAHILL, | |
| Respondent. | |

This action is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 initiated, *pro se*, on February 5, 2024 by Gregory James Rager, who is incarcerated at the Clark County Detention Center (CCDC). I will summarily dismiss this action because Rager has not paid the filing fee or applied to proceed *in forma pauperis*; he has not exhausted available state court remedies; his petition is barred by the *Younger* abstention doctrine; and to the extent he complains of conditions of his confinement, his claims must be brought as a civil rights action under 42 U.S.C. § 1983, rather than a habeas corpus action under 28 U.S.C. § 2241.

As I understand his petition (ECF No. 1), Rager claims that he is being held as a pretrial detainee but that his detention is illegal because the charges against him have been dismissed. ECF No. 1 at 2–3, 7–8. In addition, he claims that "medical experiments [are] being conducted on [his] non-consenting person in an ongoing criminal justice research project;" he claims that the medical experiments involve "the introduction of nano particles into the facility through air vents." ECF No. 1 at 2–3; *see also id.* at 7–8.

As an initial matter, Rager has not paid the $5 filing fee for this action, and he has not filed an application to proceed *in forma pauperis*. In letters received from Rager at the Clerk's

Office (ECF Nos. 1-1 and 1-2), he indicates that he may have attempted to pay the filing fee. The record shows that, as of the date of this order, the court has not received proper payment of the filing fee. Looking past the matter of the payment of the filing fee, I find that this action must be dismissed for other more fundamental reasons.

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional violations. *See id*. To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and give that court the opportunity to address and resolve it. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Although 28 U.S.C. § 2241 does not explicitly require exhaustion, federal courts generally require, as a prudential matter, that habeas petitioners exhaust available administrative and judicial remedies before seeking relief under § 2241. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). According to his petition, Rager has presented his claims to officers at the CCDC and to the state district court, but not to any state appellate court. *See* Petition, ECF No. 1 at 3–4. Where the form habeas petition asks why he has not appealed further, Rager states: "No time, Petitioner prays this Court will act swiftly." *Id*. at 4. It is plain that Rager has not exhausted his claims in state court. His wish for his claims to be adjudicated swiftly does not excuse his failure to exhaust his claims in state court.

In *Younger v. Harris*, 401 U.S. 37 1971), the Supreme Court held that the principles of comity and federalism preclude federal courts from interfering with ongoing state criminal

proceedings absent extraordinary circumstances. *See Younger*, 401 U.S. at 45–46; *Brown v. Ahern*, 676 F.3d 899, 900–01 (9th Cir. 2012). *Younger* abstention is called for when state-court criminal proceedings are ongoing, implicate important state interests, and provide an adequate opportunity to raise the defendant's claims. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kenneally v. Lungren*, 967 F.2d 329, 331-32 (9th Cir. 1992). Rager's criminal prosecution implicates important state interests, and there is no indication that he is without adequate opportunity to assert his claims in that case. Rager has not described any extraordinary circumstances requiring this court to adjudicate his claims despite the *Younger* abstention doctrine. I must abstain from entertaining Rager's habeas petition.

Furthermore, to the extent Rager claims medical experiments are being conducted on him without his consent, his claims concern the conditions of his confinement and are not cognizable as federal habeas corpus claims. Rather, such claims must be brought, if at all, under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A section] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."); *see also Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) ("[P]risoners may not challenge mere conditions of confinement in habeas corpus.") (citing *Crawford v. Bell*, 599 F.2d 890, 891–92 (9th Cir. 1979)); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("A civil rights action … is the proper method of challenging 'conditions of ... confinement.'") (citing *Preiser*, 411 U.S. at 484). If Rager wishes to challenge the conditions of his confinement, he must initiate a new action, a civil rights action under 42 U.S.C. § 1983, and he must do so using the form for a § 1983 complaint provided by the court.

I THEREFORE ORDER that this action is **DISMISSED**.

1    I FURTHER ORDER that, as reasonable jurists would not find the rulings in this order to
2 be debatable, the petitioner is denied a certificate of appealability.
3    I FURTHER ORDER the Clerk of the Court to enter judgment accordingly and close this
4 case.
5    I FURTHER ORDER the Clerk of the Court to send to the petitioner a copy of this order,
6 the approved form for filing a complaint under 42 U.S.C. § 1983, instructions for the same, and a
7 copy of his petition in this case (ECF No. 1).
8    Dated: February 7, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE