UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY JAMES RAGER, | Case No.: 2:24-cv-00248-APG-EJY |
| Petitioner, | **Order** |
| v. | **[ECF Nos. 4, 5, 6, 7 and 8]** |
| KEVIN McMAHILL, | |
| Respondent. | |

This action is a petition for a writ of habeas corpus under 28 U.S.C. § 2241, initiated, *pro se*, on February 5, 2024, by Gregory James Rager, who is incarcerated at the Clark County Detention Center (CCDC). On February 7, 2024, I summarily dismissed this action because Rager had not paid the filing fee or applied to proceed *in forma pauperis*; because he has not exhausted available state court remedies; because his petition is barred by the *Younger* abstention doctrine; and because, to the extent he complains of conditions of his confinement, his claims must be brought as a civil rights action under 42 U.S.C. § 1983, rather than a habeas corpus action under 28 U.S.C. § 2241. ECF No. 2. Judgment was entered accordingly on the same date. ECF No. 3.

Thereafter, on February 13, 2024, Rager paid the filing fee for this action, ECF No. 4, and then, on February 22, 2024, he filed an application to proceed *in forma pauperis*. ECF No. 5. As the matter of the payment of the filing fee and the question whether Rager qualifies for *in forma pauperis* status were not the primary bases for the dismissal of this action, and because

this case is closed, I will direct the Clerk's Office to refund the $5 payment of the filing fee to Rager, and I will deny his application to proceed *in forma pauperis* as moot.

Also on February 22, 2024, Rager filed a motion for appointment of counsel. ECF No. 6. The question of appointment of counsel for this now-closed action is also moot, and I will deny the motion for appointment of counsel on that ground. If Rager appeals, by timely filing a notice of appeal in this Court, he may move for appointment of counsel for his appeal in the court of appeals.

On February 22, 2024, Rager also filed a Motion for Preliminary Injunction and a Temporary Restraining Order. ECF Nos. 7, 8 (the two motions were included in one document). In that filing, Rager reiterates, and expands on, his claim that he has been exposed to "nano-particles" distributed at CCDC through the ventilation system, as part of medical experimentation carried out on him without his consent. *Id*. at 1–5. Rager claims that the experimentation on him, and jail officers' responses to his complaints about it, have violated his federal constitutional rights. *Id*. Attached to his motion is a declaration, apparently by another CCDC inmate, supporting his claims. *Id*. at 6. Rager requests that the respondent, and respondents' agents and employees, be enjoined "from conducting experimental research" or "medical and/or bio-mechanical research" on him. *Id*. at 7–8.

In my order dismissing this action, I explained that Rager's claims regarding the medical experiments allegedly being conducted on him without his consent concern the conditions of his confinement and are not cognizable as federal habeas corpus claims, and that such claims must be brought, if at all, under 42 U.S.C. § 1983, rather than in a habeas action. ECF No. 2 at 3. I further explained that, if Rager wishes to challenge the conditions of his confinement, he must initiate a new action, that being a civil rights action under 42 U.S.C. § 1983, and he must do so

using the form for a § 1983 complaint provided by the Court. *Id*. I directed the Clerk's Office to send to Rager, with a copy of that order, the approved form for filing a complaint under 42 U.S.C. § 1983, instructions for the same, and a copy of his petition in this case (ECF No. 1).

I will deny Rager's motions for a temporary restraining order and a preliminary injunction. This action is closed. The claims underlying his motions are not cognizable in this action. As I explained in my previous order, if Rager wants to pursue relief based on those claims, he must initiate a new action, a civil rights action under 42 U.S.C. § 1983, and he must do so using the form for a § 1983 complaint provided by the Court.

**I THEREFORE ORDER** that Petitioner's **Motion for Temporary Restraining Order (ECF No. 8) and Motion for Preliminary Injunction (ECF No. 7) are DENIED**.

**I FURTHER ORDER** that Petitioner's Application to Proceed *in Forma Pauperis* **(ECF No. 5) is DENIED**.

**I FURTHER ORDER** that Petitioner's Motion for Appointment of Counsel **(ECF No. 6) is DENIED**.

**I FURTHER ORDER** that the Clerk of the Court is directed to:

- refund to the petitioner the $5 payment of the filing fee received by the Court on February 13, 2024 (ECF No. 4); and

- send to the petitioner, along with a copy of this order, the approved form for filing a complaint under 42 U.S.C. § 1983, instructions for the same, and a copy of his Motion for Preliminary Injunction and a Temporary Restraining Order (ECF Nos. 7, 8).

Dated: February 26, 2024

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE